**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Estern Services Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Norvic Shipping International LLC,<br><br>Defendant. | Civil Action No.:<br><br>IN ADMIRALTY |

**COMPLAINT FOR ENFORCEMENT OF FOREIGN ARBITRAL AWARD AND <u>DAMAGES FOR BREACH OF CHARTER PARTY</u>**

Plaintiff Estern Services Inc. ("Estern") alleges against Norvic Shipping International LLC ("Norvic") as follows:

**<u>Jurisdiction and Venue</u>**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). Estern further brings this claim for recognition and enforcement of a foreign arbitral award pursuant to 9 U.S.C. §§ 202 and 203.

2. This Court has personal jurisdiction over Defendant because Norvic is organized under Delaware law and is at home in Delaware.

3. Venue is proper under 28 U.S.C. § 1391 and 9 U.S.C. § 204 because Norvic is subject to the Court's personal jurisdiction in this District and therefore resides here.

**<u>Parties</u>**

4. Estern is a corporation organized under the laws of the Marshall Islands, with its registered office at The Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro,

Republic of The Marshall Islands, MH 96960. Estern was at all relevant times the Disponent Owner of the Marshall Islands-flagged Motorship YASA MAGNOLIA (the "Vessel").

5. Norvic is a limited liability company, in the business of maritime shipping, organized and existing under the laws of the State of Delaware.

**Facts Alleged**

6. On October 15, 2025, Estern and Norvic entered into a time charter party, on an amended Asbatime 1981 form, so that the Vessel could carry a cargo of Brazilian corn from Santarem, Brazil to Oran, Algeria (the "Charter Party").

7. The Vessel was delivered on or about October 27, 2025 and redelivered on or about December 6, 2025.

8. Estern performed its obligations under the Charter Party at all times.

9. On or about December 12, 2025, Estern presented its final hire statement to Norvic for payment of an outstanding balance of $150,866.49. Following a series of unmet requests for payment, Estern demanded final payment no later than January 9, 2026. Norvic failed to pay the outstanding balance.

10. The Charter Party provides for London arbitration.

11. After Norvic failed to pay the outstanding balance, Estern commenced London arbitration against Norvic pursuant to the Charter Party, seeking $150,866.49 in outstanding balance for hire and other charges and $16,216.25 for a subrogated cargo claim.

12. On August 10, 2026, the tribunal issued an award directing Norvic to pay damages to Estern in the amount of $167,082.74 (the "Award"), plus interest at 6% and costs.

13. The Award is binding on the parties and remains unsatisfied.

14. This action is brought within three years of the Award being made.

15. During Norvic's charter of the Vessel, bunkers were supplied at Algeciras, Spain on November 17, 2025. On November 27, 2025, non-party Moeve S.A. issued invoice No. 2640174485, demanding payment of $200,794.33 by December 17, 2025. This invoice was for gas oil in the amount of $80,880.14 and Very Low Sulfur Fuel Oil (VLSFO) in the amount of $119,914.19.

16. Invoice No. 2640174485 identifies a Norvic entity as the customer and invoice receiver.

17. Under the Charter Party, Norvic was required to provide and pay for all bunkers while the Vessel was on hire, and further required to indemnify Estern against losses from detention, arrest, or threat thereof stemming from debts or claims for which Norvic or its subcharterers were responsible, including debts for unpaid bunker charges.

18. Norvic failed to perform those obligations, leaving the Vessel exposed to and threatened with arrest and/or detention.

19. On April 21, 2026, the vessel interests provided security for Moeve's unpaid bunker claim in the form of a Letter of Undertaking (LOU). Estern continued to accrue fees and costs based on Norvic's failure to pay the bunker invoice.

20. On October 9, 2026, Estern and Moeve entered into a settlement agreement under which Estern agreed to pay $155,339.71 in settlement of Moeve's claims against owners and the Vessel arising from the bunker supply, to allow for cancellation of the LOU without risk of arrest of the Vessel or breach of Estern's obligations as disponent owner.

21. As a consequence of Norvic's breaches of the Charter Party and failure to pay the bunker invoice, Estern incurred $79,211.52 in fees and expenses.

22. Those fees and expenses were reasonably incurred in connection with Norvic's breaches of the Charter Party, including to pursue arbitration, respond to the bunker claim, avoid arrest of the Vessel, and otherwise mitigate losses, and are recoverable under the Charter Party.

**Count I – Confirming a Foreign Arbitral Award (9 U.S.C. § 207)**

23. Estern repeats and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth here.

24. Estern and Norvic are parties to the arbitration agreement that resulted in the Award, which was made in London, England.

25. Pursuant to 9 U.S.C. § 207, Estern is entitled to an order confirming the Award, allowing for its recognition and enforcement, and to entry of judgment against Norvic for the amounts awarded.

**Count II – Breach of Charter Party**

26. Estern repeats and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth here.

27. The Charter Party is a valid and binding contract between Estern and Norvic.

28. Estern performed its obligations under the Charter Party.

29. Norvic breached the Charter Party by failing to pay hire and other charges in the final invoice, failing to pay for bunkers for which it was responsible, and failing to reimburse or indemnify Estern for the resulting bunker claim.

30. As a direct result of Norvic's breach of the Charter Party, in addition to the Award amount, Estern has suffered damages of $155,339.71 in resolution of bunker liability to avoid arrest exposure, and $79,211.52 in fees and expenses, plus interest.

**Prayer for Relief**

WHEREFORE, Estern seeks judgment against Norvic and prays that this Court:

A. Recognize and confirm the Award and enter judgment against Norvic and in favor of Estern for $167,082.74, plus additional interest as directed in the Award;

B. Award $79,211.52 to Estern in fees and costs for Norvic's breach of the Charter Party, plus pre-judgment interest and post-judgment interest;

C. Award $155,339.71 to Estern in damages for Norvic's breach of the Charter Party with respect to the unpaid bunker invoice, plus pre-judgment interest and post-judgment interest;

D. Award taxable costs and attorney's fees;

E. Award such other and further relief that this Court deems just and proper.

YOUNG CONAWAY STARGATT
& TAYLOR LLP

*/s/ Timothy Jay Houseal*
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

**OF COUNSEL**

J. Stephen Simms
Thomas M. Brown
*(pro hac vice forthcoming)*
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, MD 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com
tmbrown@simmsshowers.com

*Attorneys for Estern Services Inc.*

Dated: October 14, 2026